IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | | |
|---|---|---|
| MARK RACHUY | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   4:20-cv-341 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | COMPLAINT |
| COMPANY OF AMERICA, THE WAL- | ) | |
| MART STORES, INC.  BUSINESS | ) | |
| TRAVEL ACCIDENT GROUP POLICY, | ) | |
| AND WAL-MART STORES, INC. | ) | |
| | | |
| Defendants. | | |

COMES NOW, Plaintiff, Mark Rachuy, by and through his undersigned counsel, and for his Complaint against Defendants, The Prudential Insurance Company of America, the Wal-Mart Stores, Inc. Business Travel Accident Group Policy, and Wal-Mart Stores, Inc., states as follows:

## INTRODUCTION

1. This case arises out of Defendants' refusal to pay a claim for Business Travel Accident Coverage benefits for Myla L. Rachuy ("Mrs. Rachuy") under Wal-Mart Stores, Inc. ("Wal-Mart") Business Travel Accident Coverage Group Policy (the "Plan") to the surviving spouse of Myla L. Rachuy, Mark Rachuy ("Plaintiff" or "Mr. Rachuy").

2. Mrs. Rachuy passed away in a single-vehicle accident on November 7, 2016, returning home from a trip to the Des Moines, Iowa area required by Mrs. Rachuy's employer, Wal-Mart (the "Accident").

1

3. At the time of her death, Mrs. Rachuy was an employee of Wal-Mart.

4. Mrs. Rachuy had been a Wal-Mart employee for a period of approximately 25 years as a pharmacist and pharmacy manager.

5. At the time of the accident, Mrs. Rachuy was employed as a pharmacist and pharmacy manager at Wal-Mart's Marshalltown, Iowa store.

6. The Plan is required by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to provide benefits to any beneficiary who meets the contractual requirements of the Plan.

7. Nonetheless, Defendants have improperly denied Plaintiff benefits under the Plan on the basis that Mrs. Rachuy's accident was not a "Covered Accident" under the Plan.

8. In denying Plaintiff the benefits under the Plan to which he is entitled, Defendants have violated ERISA and other rights of Plaintiff provided by law.

## PARTIES

9. At all relevant times, Mark Rachuy has been a beneficiary, as defined by ERISA §3(8), 29 U.S.C. §1002(8) of the Plan, as the surviving spouse of Myla Rachuy.

10. At all relevant times, Myla Rachuy, Mark Rachuy's late spouse, was a participant, as defined by ERISA §3(7), 29 U.S.C. §1002(7), in the Plan.

11. Mr. Rachuy resides in Marshalltown, Iowa.

12. At all relevant times, Defendant Wal-Mart Stores, Inc. Business Travel Accident Coverage Group Policy, (the "Plan") has been an employee benefit plan within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A).

2

13. At all relevant times, the Plan offered, *inter alia*, Business Travel Accident Coverage benefits to Wal-Mart Stores, Inc. employees, including Mrs. Rachuy.

14. At all relevant times, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") was the Plan sponsor within the meaning of ERISA §3(16)(B), 29 U.S.C. §1002(16)(B).

15. At all relevant times, Defendant Prudential Insurance Company of America ("Prudential") has been a fiduciary of the Plan. It is named administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C. §1002(16)(A).

16. Prudential denied Mr. Rachuy's appeal of the denial of his claim for benefits as a beneficiary under the Plan.

## JURISDICTION AND VENUE

17. Plaintiff brings this action for declaratory, injunctive, monetary and other relief pursuant to § 502(a)(1)(B) and §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1132(a)(1)(B) and 1132(a)(3) and otherwise under the law. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f).

18. Venue is proper in this Court pursuant to ERISA §502(e)(2), as a district where a Defendant resides or may be found. The accident giving rise to the claim for benefits under the Plan also occurred in Marshall County, Iowa, located in the Central Division of the United States District Court for the Southern District of Iowa.

## FACTS

<u>The Plan</u>

19. The Plan, attached as **Exhibit A**, is an "welfare benefit" plan established and qualified under Section 419(e) of the Internal Revenue Code, 26 U.S.C. § 419(e). As a welfare benefit plan, the Plan is subject to certain requirements under ERISA and the Internal Revenue Code.

20. The Plan states the Plan "pays benefits accidental Loss which results from a Covered Accident." Exhibit A, Page 9.

21. "Loss" is defined by the Plan, in relevant part, as "loss of life." Exhibit A, Page 9.

22. "Covered Accident "is defined by the Plan as "an accident which happens to you while you are engaged in or the victim of a Hazard described in the Hazard provisions." Exhibit A, Page 9.

23. The Plan states [b]enefits for accidental Loss are payable if the following conditions are met:

    a.  You sustain an accidental bodily Injury while a Covered Person.

    b.  The Loss directly results from that Injury.

    c.  The Loss is due to a Covered Accident.

    d.  You suffer the Loss within 365 days after the Covered Accident. See Exhibit A, Page 9.

24. The condition at issue in this matter is whether the Loss is due to a Covered Accident.

25. The relevant "Hazard" as defined by the Plan is the "Business Trip Hazard – you are on an Authorized Business Trip for your Employer." Exhibit A, Page 13.

26. An Authorized Business Trip is defined as "[a] trip that your Employer authorizes you to take for the purpose of furthering its business. An Authorized Business Trip: (1) starts when you leave your residence or Regular Place of Employment, whichever is later; and (2) ends when you return to your residence or Regular Place of Employment, whichever is earlier. The term does not include Commuting to and from Work, vacations or leaves of absence." Exhibit A, Page 17.

27. It is not disputed that Plaintiff qualifies as a beneficiary under the Plan, as the surviving spouse of Mrs. Rachuy.

Events Preceding the Accident

28. On or about November 1, 2016, Mrs. Rachuy was taken off work as Wal-Mart's pharmacy manager in Marshalltown, Iowa by Defendant Wal-Mart, pending the completion of a 'fitness to serve' medical examination.

29. The "fitness to serve" medical examination was prompted by Mrs. Rachuy experiencing speech, memory, balance, and confusion issues at work.

30. The date, time, and place of the examination was scheduled by Defendant Wal-Mart for Mrs. Rachuy, with a physician of Defendant Wal-Mart's choosing, Dr. Daniel C. Miller, based in Clive, Iowa.

31. The distance from Mrs. Rachuy's place of employment and home in Marshalltown to the "fitness to serve" medical examination in Des Moines was approximately sixty (60) miles.

5

32. The fitness to serve examination ordered by Wal-Mart was for the purpose of furthering its business.

33. The medical examination was completed at the sole direction of, and for the benefit of, Mrs. Rachuy's employer, Defendant Wal-Mart.

34. Mrs. Rachuy's failure to participate in the examination as directed by her employer, Wal-Mart, would have resulted in Mrs. Rachuy losing her job of nearly a quarter century.

35. Defendant Wal-Mart directed that Mrs. Rachuy travel from Marshalltown, Iowa where she lived and worked to Clive, Iowa for her medical examination, despite the fact that Dr. Miller had an office in Marshalltown, where he planned to see patients on November 8, 2016.

36. The examination occurred on the afternoon of November 7, 2016 at Dr. Miller's office, located at 12871 University Avenue, Clive, IA, 50325.

37. Dr. Miller examined Mrs. Rachuy and determined Mrs. Rachuy was released to return to work, finding she was "fit to serve customers safely" at the appointment on November 7, 2016.

38. Mrs. Rachuy's manager was notified by Dr. Miller's office that she had been cleared to work following Defendant Wal-Mart's "fitness to serve" medical examination.

39. On her way home to Marshalltown from the medical examination in the Des Moines, Iowa area, Mrs. Rachuy stopped by her sister-in-law's home, located at 8391 Buchanan Trail, Norwalk, Iowa 50211.

40. Mrs. Rachuy's sister-in-law's home was approximately 15 miles south of Dr. Miller's office.

41. Mrs. Rachuy was only in the Des Moines area because of her medical visit for Wal-Mart.

42. Following the examination, Mrs. Rachuy's manager called Mrs. Rachuy on her cell phone, and indicated she could return to work as scheduled the next day.

43. Mrs. Rachuy returned to Highway 330/65 (a/k/a "the Diagonal") to resume her trip home to Marshalltown.

44. Mrs. Rachuy was only on her return trip home on the Diagonal because of the examination ordered by her employer in the Des Moines area.

## The Accident

45. The accident occurred at 5:50 PM per the accident report on November 7, 2016.

46. It was a single-vehicle accident; the police report indicates that just before the Clear Creek bridge on Highway 330/65, Mrs. Rachuy, traveling northbound, lost control of her vehicle, headed into the median, and crossed Clear Creek, where her car came to rest, with Mrs. Rachuy critically injured inside the vehicle.

47. At the time of the accident, Mrs. Rachuy had resumed the same route she would have taken had no visit been made to her sister-in-law's home.

48. When Mrs. Rachuy resumed the return trip on the Diagonal, she was serving Wal-Mart.

49. The accident occurred within 20 miles of Mrs. Rachuy's home, as she returned from the authorized and required business trip for her employer, Defendant Wal-Mart, in Clive.

50. The route Mrs. Rachuy was on when the accident occurred on the Diagonal was the most direct route returning to Marshalltown from the Des Moines area.

51. Mrs. Rachuy attended the appointment set for her by Wal-Mart in the Des Moines area at the direction of Wal-Mart and for the purpose of furthering Wal-Mart's business, including but not limited to, serving its pharmacy customers safely.

52. Wal-Mart scheduling a medical appointment for Mrs. Rachuy in the Des Moines area exposed Mrs. Rachuy to the dangers of travel and a possible motor vehicle accident going or returning therefrom.

53. But for Wal-Mart's directive furthering its business purposes including safely dispensing medication to its customers by its pharmacy manager, Mrs. Rachuy would not have been traveling on the Diagonal to or from the Des Moines area on that day.

Mr. Rachuy's Claim for Benefits

54. Plaintiff was originally notified of Defendants' denial of his claim for benefits under the Plan on or about March 1, 2017, via letter from Defendant Prudential.

55. Plaintiff requested a reconsideration (or initial appeal) of Defendant Prudential's initial decision to deny benefits via letter dated August 24, 2017.

56. Defendant Prudential upheld their initial decision to deny Plaintiff's claim via letter dated September 13, 2017.

57. Plaintiff filed a second request for reconsideration (or second appeal) with Defendant Prudential on March 12, 2018.

58. Plaintiff provided Defendant Prudential additional documentation related to his request for reconsideration/appeal via letters dated May 8, 2018 and June 7, 2018.

59. On August 14, 2018, Defendant Prudential denied Plaintiff's second request for reconsideration/appeal.

60. Defendant Prudential indicated it denied benefits because Mrs. Rachuy was driving home from visiting a family member when the accident occurred; and that her employer, Defendant Wal-Mart, indicated that her trip was not for the purpose of furthering their business, it was to undergo an assessment.

61. Said denial, among other things, fails to acknowledge the trip was arranged for and directed by Wal-Mart to further its business purpose.

62. Defendant Prudential's August 14, 2018 letter indicates their denial decision constitutes a "final level of appeal," and Plaintiff was required to file suit pursuant to ERISA for further relief. A copy of this letter is attached as **Exhibit B**.

63. This Petition is timely filed pursuant to the Plan's definition of "Legal Action," which states in relevant part: "No such action shall be brought more than three years after the end of the time within which proof of loss is required."

<u>COUNT I – CLAIM FOR BENEFITS PURSUANT TO</u>

<u>ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) AGAINST ALL DEFENDANTS</u>

64. Plaintiff incorporates Paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff has exhausted his administrative remedies.

66. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a beneficiary to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of the plan, and/or to clarify his rights to future benefits under the terms of a plan.

67. ERISA requires the Plan to provide benefits, to the named beneficiary when the terms of the Plan are met regarding a business travel accident.

68. As the beneficiary of the Plan, Mr. Rachuy is entitled to the benefits of the Plan.

69. Mrs. Rachuy's death occurred during a "Covered Accident" under the Plan, as she was returning home from an "Authorized Business Trip" for her employer, Defendant Wal-Mart, when her fatal accident occurred.

70. The definition of "Authorized Business Trip" within the Plan specifically indicates that the trip does not end until the earlier of a "return to your residence or Regular Place of Employment."

71. Mrs. Rachuy did not make it back to either defined place, based on the location of her fatal accident, approximately 20 miles from her home, on the most direct route to her home.

72. By denying Plaintiff's claim for benefits under the Plan, and by related acts and omissions, including but not limited to refusing to properly apply the facts of Plaintiff's claim to the terms of the Plan, Defendants have violated, and continue to violate, the terms of the Plan, governing law regarding ERISA benefits, and Plaintiff's rights under the Plan and other law.

73. The denial by Defendants is not reasonable, correct, nor consistent with the purpose of the Plan.

74. The denial by Defendants was made without the advice of independent experts.

75. The denial of this claim was not impartial but served the financial benefit of one or more Defendant.

76. The denial of benefits was arbitrary, capricious and otherwise made in bad faith or otherwise in conflict of interest by Defendants.

## COUNT II – CLAIM FOR BREACH OF FIDUCIARY DUTY PRUSUANT TO ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), AGAINST THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

77. Plaintiff incorporates Paragraphs 1 through 76 as though fully set forth herein.

78. ERISA § 404(a), 29 U.S.C. § 1004(a), requires that a fiduciary discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and fiduciaries and defraying reasonable expenses of administering the plan, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with other provisions of ERISA.

79. ERISA §502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a beneficiary of a plan to file suit to "enjoin any act or practice" that violates Title I of ERISA or the terms of a plan, and/or to obtain "other appropriate relief" to redress such violations. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) is part of Title I of ERISA.

80. By engaging in the acts and omissions described above, including but not limited to interpreting the Plan in a manner contrary to applicable laws, refusing to apply the law in effect that the time of Mr. Rachuy's claim, and refusing to provide Mr. Rachuy a benefit mandated by ERISA, Defendant Prudential has breached their fiduciary duty to Mr. Rachuy and have violated ERISA.

81. As a result of Defendant Prudential's breaches of fiduciary duty and violations of ERISA, Plaintiff has been harmed in an amount equal to the total benefit under the Plan, attorney fees and costs in pursuing this matter, interest from the date of notification of Plaintiff's claim, and other amounts as the Court may deem just and equitable under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

As to the First Claim for Relief:

A. Declare that Defendants have violated the terms of the Plan;

B. Order Defendants to pay the total benefit amount pursuant to the Business Travel Accident Plan to Plaintiff, with prejudgment interest;

C. Award Plaintiff's reasonable attorney fees and costs and other relief associated with this suit pursuant to ERISA §502(g), 29 U.S.C. § 1132(g); and

D. Award damages under the law and provide such other relief under the law as the Court deems equitable and just, including but not limited to an order preventing future denials of Business Travel Accident claims for claimants similarly situated.

As to the Second Claim for Relief:

A.  Declare that Defendant Prudential breached its fiduciary duty to Plaintiff;

B.  Declare that by refusing to provide the benefits outlined in the Plan to Plaintiff,
    Defendant Prudential violated ERISA;

C.  Declare that Plaintiff is entitled to receive the total benefit amount set forth in the
    Plan;

D.  Order the Defendant Prudential pay to Plaintiff amounts to make Plaintiff whole
    for the harm he suffered due to Defendant Prudential's breaches by providing
    other appropriate relief, including but not limited to surcharge, restitution,
    prejudgment interest, and any other equitable remedy the Court finds
    appropriate under the circumstances;

E.  Award Plaintiff's reasonable attorney fees and costs associated with this suit
    pursuant to ERISA §502(g), 29 U.S.C. § 1132(g); and

F.  Award damages under the law and provide such other relief as the Court deems
    equitable and just, including but not limited to an order preventing future
    denials of Business Travel Accident claims for claimants similarly situated.

Respectfully submitted,

Gary R. Fischer - AT0002469

Megan M. Regennitter - AT0013255
**SIMPSON & JENSEN, ABELS, FISCHER,
AND BOUSLOG, P.C.**
400 Locust St., Ste. 400
Des Moines, IA 50309-3723

Telephone: (515) 288-5000
Facsimile: (515) 288-7718
Email: gfischer@iowafirm.com
mregennitter@iowafirm.com
ATTORNEYS FOR PLAINTIFF,
MARK RACHUY

Original Filed via CM/ECF.